FILED
CHARLOTTE, NC

JUN 22 2022

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>Jeremy Andrew Atkins )<br>      Defendant ) | Criminal Case No. 3:19CR00192-001 |

### AGREED ORDER AND JUDGMENT
### TO REVOKE SUPERVISED RELEASE

Upon petition of the U.S. Probation Office, joined herein by the United States and the defendant, to revoke the supervised release of defendant Jeremy Andrew Atkins and for good cause shown therein, and also based on agreement of the parties as set forth herein:

AGREEMENT OF UNITED STATES AND DEFENDANT

The defendant agrees and stipulates that he/she has violated the terms and conditions of supervised release in the following respects:

1. **FAILURE TO COMPLY WITH MENTAL HEALTH TREATMENT REQUIREMENTS (Date violation concluded: 3/10/2022).** The defendant has violated the condition of supervision that states, "The defendant shall participate in a mental health evaluation and treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program (including, but not limited provider, location, modality, duration, and intensity.) The defendant shall take all mental health medications as prescribed by a licensed health care practitioner," in that, Mr. Atkins failed to attend his individual treatment sessions with New Beginnings on the following dates: 3/7/2022 and

1

3/10/2022. Further, Mr. Atkins admitted that he has failed to comply with his medication regimen as prescribed. **(Grade C)**

2. **FAILURE TO MAINTAIN LAWFUL EMPLOYMENT (Date violation concluded: 3/15/2022).** The defendant has violated the condition of supervision that states, "The defendant shall work full time (at least 30 hours per week) at lawful employment, unless excused by the probation officer. The defendant shall notify the probation officer within 72 hours of any change regarding employment," in that, on 3/15/2022, Mr. Atkins admitted to the probation officer that his employment had been terminated on or about 2/23/2022 after being in an altercation with his employer. **(Grade C)**

3. **FAILURE TO NOTIFY OF ADDRESS CHANGE (Date violation concluded: 3/15/2022).** The defendant has violated the condition of supervision that states, "The defendant shall live at a place approved by the probation officer. The probation officer shall be notified in advance of any change in living arrangements (such as location and the people with whom the defendant lives)," in that, Mr. Atkins left his reported residence on or about 2/25/2022 and began staying at unreported addresses although appropriate alternative residences were available. **(Grade C)**

4. **DRUG/ALCOHOL USE (Date violation concluded: 3/15/2022).** The defendant has violated the condition of supervision that states, "The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including,

but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner," in that, on 3/15/2022, Mr. Atkins signed a written admission to using Methamphetamine on or about 3/14/2022. Further, in a written statement, Mr. Atkins admitted to using Methamphetamine regularly before work and before going home. **(Grade C)**

5. **UNAUTHORIZED COMMUNICATION/INTERACTION WITH FELON (Date violation concluded: 4/1/2022).** The defendant has violated the condition of supervision that states, "The defendant shall not communicate or interact with any persons he/she knows is engaged in criminal activity and shall not communicate or interact with any person he/she knows to be convicted of a felony unless granted permission to do so by the probation officer," in that, Mr. Atkins has been associating with Candice Rogers, a known felon, with whom he has admitted to using Methamphetamine. Ms. Rogers was present with Mr. Atkins as he attempted to enter a detox program on 4/1/2022. **(Grade C)**

6. **FAILURE TO FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER (Date violation concluded: 4/1/2022).** The defendant has violated the condition of supervision that states, "The defendant shall follow the instructions of the probation officer related to the conditions of supervision," in that, on 3/15/2022, Mr. Atkins was instructed by the probation officer to have no further contact with Candice Rogers. Mr. Atkins continued to associate with Ms. Rogers after acknowledging the probation officer's instruction. **(Grade C)**

The parties stipulate, pursuant to Chapter 7 Policy Statements, U.S. Sentencing Guidelines, that the defendant's violations are a maximum Grade C and that the defendant has a Criminal History Category of II.

The parties stipulate, based on U.S.S.G. §7B1.4, that the Guidelines range of imprisonment for a Grade C violation and a Criminal History Category of II is a term of imprisonment from four (4) to ten (10) months.

The parties agree, pursuant to Rules 11(c)(1)(C) and 32.1, Federal Rules of Criminal Procedure, that the Court should revoke supervised release and order the defendant to be imprisoned for a period of **ten (10) months with no term of supervised release to follow**. If the Court rejects this sentencing agreement, the defendant has the right to withdraw from this Agreed Order and have an evidentiary hearing on the petition for revocation of supervised release.

## DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges that he is admitting the violations of supervised release because he/she did, in fact, violate the conditions of supervised release set forth above.

The defendant acknowledges that he/she has had an opportunity 1) to review the written notice of the alleged violations of supervised release and 2) to review the evidence against him/her related to those alleged violations.

The defendant further acknowledges that he is aware of the following rights and is knowingly waiving these rights in exchange for the agreed sentence:

1) The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and

2) The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

If the Court accepts the agreed sentence, the defendant knowingly waives the right to contest the revocation of supervised release and the defendant's sentence in any appeal or post-conviction action. Claims of (1) ineffective assistance of counsel and (2) prosecutorial misconduct, and those claims only, are exempt from this waiver.

**APPROVED**

_____
Jeremy Andrew Atkins
Defendant

_____
Attorney for Defendant

_____
Assistant United States Attorney

_____
Jackie Anderson
Supervisory U.S. Probation Officer

_____
Seth Yates
Probation Officer

## AGREED SENTENCE

Upon agreement of the parties as set forth above, it is hereby ORDERED that the previously imposed period of supervised release is REVOKED.

It is further ORDERED that the defendant Jeremy Andrew Atkins be and is hereby SENTENCED to a **term of imprisonment of ten (10) months** on Count 1 of the judgment.

It is further ORDERED that the Court RECOMMENDS to the Bureau of Prisons that the defendant participate in any available substance abuse treatment program and, if eligible, receive the benefits of 18 U.S.C. § 3621(e)(2).

It is further ORDERED that no additional period of supervised release is imposed to follow the defendant's release from imprisonment.

In all other respects, the Judgment previously entered in this matter remains in full force and effect.

So ORDERED and ADJUDGED, this the 21 day of June, 2022.

Robert J. Conrad, Jr.
U.S. District Court Judge